NOT DESIGNATED FOR PUBLICATION

No. 127,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS SIMPSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Opinion filed May 30, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Thomas Simpson appeals the district court's order revoking his probation and imposing his underlying prison sentences. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After reviewing the record, the arguments in Simpson's motion, and the State's response, we affirm the district court's judgment.

In December 2022, Simpson pleaded guilty to two counts of felony theft for conduct that occurred in July 2021. As part of the plea agreement, the State recommended that the court sentence Simpson using the aggravated-range term in the appropriate Kansas Sentencing Guidelines grid box and grant a dispositional departure to

1

probation. The district court followed this recommendation at Simpson's sentencing: It imposed consecutive 15- and 7-month prison sentences, granted a dispositional departure, and ordered Simpson serve 12 months of probation. In doing so, the court advised Simpson that it had been a "close question" whether to grant the dispositional departure, and it cautioned him to "bear [this] in mind" during his probationary term.

About five months later, the Stated alleged that Simpson had violated the terms of his probation by not reporting to his probation officer as directed and using methamphetamine several times.

The court held a hearing on the State's motion, where Simpson stipulated to these violations. After accepting Simpson's stipulations, the court turned to the appropriate disposition.

Both parties recommended the court impose a three-day jail sanction. Simpson explained that he had been "dealing with a lot" during this probation term—he had recently lost both his mother and father and had been evicted. Simpson conceded that he was "struggling with substance abuse," but he maintained that he believed probation was "the best way" to achieve rehabilitation.

After hearing these arguments, the district court revoked Simpson's probation and imposed his underlying prison sentences. The court acknowledged that "the road to recovery, when drug addiction is involved, may involve some mistakes." But given Simpson's inability to adhere to the terms of his probation in several past cases, the court found it "very difficult to see" why he should be given another chance under these circumstances. This was especially so, the court noted, because Simpson had already received his "second chance" when the court granted his request for a dispositional departure.

2

Simpson now appeals, arguing the district court abused its discretion when it revoked his probation instead of allowing him to address his substance-abuse issues while on probation. After a probation violation has been established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it resulted from an abuse of the court's discretion—when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Simpson bears the burden of showing such an error occurred here. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). He has not done so.

In general, Kansas law imposes a framework of graduated sanctions for probation violations before a court may revoke probation outright. The nature and extent of these sanctions differ in some respects based on when a crime was committed. Under the framework in place when Simpson committed his offenses in July 2021, a district court ordinarily must order someone who has violated their probation to serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But the district court may bypass this requirement if the person received probation as the result of a dispositional departure—as Simpson did here. K.S.A. 22-3716(c)(7)(B).

Simpson does not argue that the district court's decision to revoke his probation was based on a legal or factual error. Instead, Simpson argues that the district court's decision was unreasonable given the difficult circumstances he faced during probation.

But the district court's disposition was not unreasonable. The court had cautioned Simpson to remember that its decision to grant a dispositional departure had been a "close question." Only a few months later, Simpson had violated the terms of his probation in several ways, including by using methamphetamine multiple times. Simpson acknowledged at the hearing that he was actively "struggling with substance abuse"—a

3

reality borne out during his time on probation. Under these facts, the court did not abuse its discretion when it revoked Simpson's probation and ordered him to serve his underlying prison sentences.

Affirmed.